UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC, <br><br> Claimant, <br><br> v. <br><br> ATAEVA, LLC, <br><br> Respondent. | Case No. 8:24-cv-02254 CAS (JDEx) <br><br> **PROTECTIVE ORDER** <br><br> [Note Changes by the Court ] |

Based on the Stipulation by and between Plaintiff Experian Information Solutions, Inc. ("Experian" or "Plaintiff") and Defendant Ataeva, LLC ("Defendant"), through their respective attorneys of record, and for good cause shown, the Court finds and orders as follows to govern the use, handling and disclosure of documents, deposition testimony or information produced or given in this action that are properly designated to be subject to this Order.

1. Any party in this action (the "Designating Party") may designate any materials (or information contained therein) subject to this Order produced by any party or non-party by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

2. If a Designating Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Designating Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Designating Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

3. Further, non-parties to this Action may also designate documents it produces or files in this action as "Confidential" or "Confidential—Attorneys' Eyes Only" under the same standards above that apply to the parties.

4. A party that seeks to file materials designated by another Party or Non-Party as Confidential or Confidential-Attorneys' Eys Only under this Order shall comply with the requirements of Civil Local Rule 79-5 before seeking leave to file such material under seal.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order. For avoidance of doubt, mediation and all settlement discussions shall be considered preparation for trial.

6. Except with the prior written consent of the Designating Party, a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may

not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

 (a) the Court and its officers;

 (b) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A);

 (c) parties to this litigation;

 (d) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation;

 (e) present or former employees of the Designating Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

 (f) the author or a recipient of the document or the original source of the information; and

 (g) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A).

 7. Except with the prior written consent of the Designating Party, a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than those identified in Subparagraphs (a), (b), (d), (f) and (g) above.

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. Persons to whom confidential information and/or documents are disclosed may not disclose same to any person except as provided herein, and may not use same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript may disseminate or disclose them to any person other than those described above in Paragraph 7 and Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Nothing in this Order shall prevent a party from challenging any designation it believes to be improper, or using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only," subject to the trial court's operative Scheduling Order and Local Civil Rule 37-1, et seq.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

12. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith in accordance with Local Civil Rule 37-1, et seq. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court under Local Civil Rule 37-1, et seq.

During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14. The Court retains the right to allow disclosure of any subject or to modify this Order at any time in the interest of justice.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: <u>December 06, 2024</u>

_____
JOHN D. EARLY
United States Magistrate Judge

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON